UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD HOWARD, #195599,

       Petitioner,

                         CASE NO. 09-CV-14115
v.                            HONORABLE ARTHUR J. TARNOW

GERALD HOFBAUER,

       Respondent.
                                 /

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Gerald Howard ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights. Respondent has filed an answer to the petition asserting that it should be dismissed as untimely and/or for lack of merit. For the reasons stated herein, the Court dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

### II. Facts and Procedural History

Petitioner was convicted of assault with intent to do great bodily harm less than murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony following a bench trial in the Wayne County Circuit Court and was sentenced to five to ten years

1

imprisonment on the assault conviction, two to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction in 2003. His convictions arise from the shooting of Andre Jones at a residence in Detroit, Michigan on April 5, 2003.

Following his conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals asserting that the trial court erred by failing to recognize his defenses of duress and self-defense, that there was insufficient evidence to support his conviction for assault with intent to do great bodily harm, that trial counsel was ineffective, that the trial court erred in denying his request for substitute counsel or self-representation, and that the trial court and counsel coerced him into waiving his right to a jury trial. The Michigan Court of Appeals denied relief on those claims and affirmed Petitioner's convictions. *See People v. Howard*, No. 250579, 2005 WL 927111 (Mich. Ct. App. April 21, 2005) (unpublished). Petitioner attempted to seek leave to appeal with the Michigan Supreme Court, but his application was rejected as untimely.

On January 30, 2007, Petitioner filed a motion for relief from judgment with the state trial court raising claims of ineffective assistance of counsel. The trial court denied the motion. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Howard*, No. 284153 (Mich. Ct. App. Oct. 15, 2008).

Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *See People v. Howard*, 484 Mich. 864, 769 N.W.2d 677 (Aug. 6, 2009).

Petitioner dated his federal habeas petition on August 30, 2009. He raises the following claim:

> He was denied effective assistance of counsel on his appeal by: Appellate counsel's failure to present and argue his ineffective assistance of counsel claim under the proper constitutional standard and dimensions, particularly a constructive denial of counsel because his trial counsel absolutely failed to consult with him about the facts of his case. Whereas, according to the rule of such error, prejudice is presumed.

On March 11, 2010, Respondent filed an answer to the petition contending that it should be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions and/or denied for lack of merit. The Court subsequently appointed counsel for Petitioner, conducted a status conference, and ordered supplemental briefing. The parties have submitted supplemental pleadings and the matter is ready for decision.

### III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The revised statute provides:

3

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. Petitioner's direct appeal in the Michigan Court of Appeals concluded on April 21, 2005. He then had 56 days to file a delayed application for leave to appeal with the Michigan Supreme Court. *See* Mich. Ct. R. 7.302(C)(2); *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich.

1999). He did not do so in a timely fashion. Accordingly, his convictions became final on June 16, 2005 when the time for seeking leave to appeal with the Michigan Supreme Court ended. *See Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002).[1] Petitioner was thus required to file his federal habeas petition by June 16, 2006, excluding any time during which a properly filed application for post-conviction or collateral review was pending in the state courts in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his motion for relief from judgment with the state trial court until January 30, 2007. Thus, the one-year limitations period had expired seven months before he sought state post-conviction or collateral review. A state court post-conviction motion filed after the expiration of the one-year limitations period cannot toll that period because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. Furthermore, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). His habeas petition is therefore untimely.

---

[1] Normally, the one-year statute of limitations does not begin to run until the 90-day time period for filing a petition for writ of certiorari in the United States Supreme Court has expired. *See* Rule 13(1), Supreme Court Rules. Here, however, Petitioner is not entitled to have the 90 days added to the calculation of the limitations period because his failure to timely file an application for leave to appeal with the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a writ of certiorari.

Petitioner does not assert that his claims are based upon newly-discovered evidence or newly-created and retroactive rights which would warrant habeas relief. In his reply and supplemental briefs, however, he alleges that the State created an impediment to his legal filings. In particular, Petitioner asserts that he was unable to file his state court motion for relief from judgment in a more timely fashion due to prison transfers, insufficient access to a law library and a typewriter, and limited finances. Such typical conditions of prison life, however, do not constitute sufficient circumstances which justify tolling of the one-year period. *See Maclin v. Robinson*, 74 F. App'x 587, 589 (6th Cir. 2003) (limited access to prison law library does not constitute a state impediment under 28 U.S.C. § 2244(d)(1)(B)); *see also United States v. Stone*, 68 F. App'x 563, 565 (6th Cir. 2003) (allegations of insufficient library access do not warrant equitable tolling); *Roland v. Motley*, No. 05-217-DLB, 2006 WL 2457936, *6 (E.D. Ky. Aug. 22, 2006) (citing cases and ruling that inability to obtain or pay for copies does not warrant equitable tolling); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751 (E.D. Mich. 2002) (denial of access to legal materials is not an exceptional circumstance warranting equitable tolling). Petitioner has not shown that any perceived state impediment persisted throughout the relevant time period and/or that unusual or exceptional prison conditions prevented him from filing his pleadings in a timely manner. His habeas action is thus untimely under the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Supreme Court has recently confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *See Holland v. Florida*, _

*Howard v. Hofbauer*
2:09-CV-14115
Page 7 of 10

U.S. _, 130 S. Ct. 2549, 2560 (2010).  The Supreme Court further verified that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id*. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the United States Court of Appeals for the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988).  The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008; *see also Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  "These factors are not necessarily comprehensive and they are not all relevant in all cases.  Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis."  *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted).  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

7

Petitioner has not established that he is entitled to equitable tolling of the one-year period. *See* discussion *supra*. Moreover, the fact that he is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period of time does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner has not shown that he is entitled to equitable tolling under *Dunlap*.

The Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Significantly, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has made no such showing. He is thus not entitled to equitable tolling of the one-year limitations period.

*Howard v. Hofbauer*
2:09-CV-14115
Page 9 of 10

### IV. <u>Conclusion</u>

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his federal habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d), that he has not demonstrated entitlement to statutory or equitable tolling, and that the statute of limitations precludes review of his claims. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a district court rejects a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Having considered the matter, the Court concludes that jurists of reason would not find the Court's procedural ruling that the petition is untimely debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in*

*Howard v. Hofbauer*
2:09-CV-14115
Page 10 of 10

*forma pauperis* on appeal because such an appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: January 10, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 10, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary